IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00054-REB-KLM

MARISOL SARDINA, also known as Alejandra Arredondo,
COLUMBA RODRIGUEZ, also known as Anabel Echeverria,
MARGARITA HERRERA, also known as Jessica Gonzalez,
ALBERTO ECHEVERRIA, also known as Jesus F. Gonzalez,
MARGARITA LOPEZ,
ANGELICA LUGO,
BLANCA AVILA, also known as Rosa Medina,
PATRICIA ALEJANDRE GARCIA, also known as Ana Moncada,
JESSICA MORALES TAVERA,
MARIA QUINONES, also known as Karime Dominguez,
ROSAURA ZAVALA, also known as Alejandra Gutierrez,
    individually and on behalf of others similarly situated,

    Plaintiff,

v.

ROBERT F. CHARLES, also known as Bob Charles, doing business as McDonalds Restaurant,
ROBERT F. CHARLES, also known as Bob Charles, doing business as The Charles Organization,
MILE HIGH DRIVE-IN INC.,
LONG PEAK ARCHES INC.,
LORENA ESTRADA, and
CLIFF PETE,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiffs' **Unopposed Motion for Leave to File Second Amended Complaint** [#38][1] (the "Motion").  Pursuant to 28 U.S.C. § 636(b) and

---

[1] "[#38]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system

D.C.COLO.LCivR 72.1(c), the Motion has been referred to this Court for disposition [#39]. For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#38] be **GRANTED**.

As an initial matter, a Scheduling Order has not yet been entered in this matter. Thus, the Motion is timely. In part, the unopposed amendment seeks to drop (1) Defendant Robert F. Charles a/k/a Bob Charles d/b/a McDonalds Restaurant, (2) Robert F. Charles a/k/a Bob Charles d/b/a The Charles Organization, (3) Long Peak Arches, Inc., and (4) Mike High Drive-In, Inc. and dismiss all claims against them. A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (collecting cases). When an order on a motion to amend removes or precludes a defense, claim, or defendant from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002). Thus, although the Motion is unopposed, the Court assumes that the issue is dispositive and requires a recommendation. Accordingly,

IT IS HEREBY **RECOMMENDED** that the Motion [#38] be **GRANTED** and that the Second Amended Complaint [#38-1] be accepted for filing.

IT IS HEREBY **ORDERED** sua sponte that Defendants need not answer or otherwise respond to the Amended Complaint [#5], until fourteen (14) days after a ruling by the District Judge on this Recommendation.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall

---

(CM/ECF). This convention is used throughout this Recommendation.

have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 17, 2015

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge