IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00054-REB-KLM

MARISOL SARDINA, also known as Alejandra Arredondo,
COLUMBA RODRIGUEZ, also known as Anabel Echeverria,
MARGARITA HERRERA, also known as Jessica Gonzalez,
ALBERTO ECHEVERRIA, also known as Jesus F. Gonzalez,
MARGARITA LOPEZ,
ANGELICA LUGO,
BLANCA AVILA, also known as Rosa Medina,
PATRICIA ALEJANDRE GARCIA, also known as Ana Moncada,
JESSICA MORALES TAVERA,
MARIA QUINONES, also known as Karime Dominguez,
ROSAURA ZAVALA, also known as Alejandra Gutierrez,
    individually and on behalf of others similarly situated,

    Plaintiff,

v.

LORENA ESTRADA,
CLIFF PETE, and
TWIN ARCHES PARTNERSHIP, LTD,

    Defendant.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant's **Motion to Dismiss Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [#57] (the "Motion to Dismiss); and on Plaintiffs' **Motion to Strike Defendants' Reply in Support of Their Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. No. 72] Pursuant to D.C.COLO.LCivR 7.1(d) and REB Civ. Practice Standard IV.C.1-3** [#74] (the "Motion to Strike").  Based on the Court's pending Recommendation that Plaintiffs' Motion for Leave to Amend Their Second Amended Complaint [#104] should be granted in part and denied in part,

    IT IS HEREBY **ORDERED** that the Motion to Dismiss [#57] and the Motion to Strike [#74] are **DENIED as moot**.  *See, e.g., Strich v. United States*, No. 09-cv-01913-REB-KLM,

2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. April 28, 2009) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F.Supp.2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").[1]

Dated:  February 17, 2016

---

[1] The Motion to Dismiss is moot notwithstanding Defendants' statement to the contrary. *See Response* [#110] at 3 ("To be clear, the changes do not render Defendants' Motion to Dismiss moot."). Defendants affirmatively state that "Plaintiffs' proposed changes relate to and apparently concede certain of Defendants' arguments." *Id.* Even aside from the above-cited authority holding that a motion to dismiss aimed at a non-operative complaint is moot, it is not the Court's responsibility to sort through Defendants' arguments aimed at the initial Complaint and attempt to discern which arguments are or are not still applicable in light of the new allegations asserted by Plaintiffs. After a ruling by the District Judge on the Recommendation, Defendants may answer or otherwise respond to the Amended Complaint as permitted by the Federal Rules of Civil Procedure.