**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Robert E. Blackburn, Judge**

Civil Action No. 15-cv-00054-REB-KLM

MARISOL SARDINA, also known as Alejandra Arredondo,
COLUMBA RODRIGUEZ, also known as Anabel Echeverria,
MARGARITA HERRERA, also known as Jessica Gonzalez,
ALBERTO ECHEVERRIA, also known as Jesus F. Gonzalez,
ANGELICA LU
BLANCA AVILA, also known as Rosa Medina,
PATRICIA ALEJANDRE GARCIA, also known as Ana Moncada,
JESSICA MORALES TAVERA,
MARIA QUINONES M., also known as Karime Dominguez,
ROSAURA ZAVALA, also known as Alejandra Gutierrez, Individually and on behalf of others similarly situated,

Plaintiffs,

v.

TWIN ARCHES PARTNERSHIP, LTD.,
LORENA ESTRADA, and
CLIFF PETE, in their individual and corporate capacities,

Defendants.

---

**ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION**

---

**Blackburn, J.**

This matter is before me on the **Plaintiffs' Motion for Conditional Collective Action Certification and for Judicial Notice to Class Pursuant to 29 U.S.C. § 216(b)B** [#76][1] filed August 21, 2015. The defendants filed a response [#92], and the plaintiffs filed a reply [#95]. I grant the motion.

---

[1] "[#76]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (Fair Labor Standards Act).

## II. STANDARD OF REVIEW

This case involves alleged violations of the wage provisions of the Fair Labor Standards Act (FLSA or Act). The plaintiffs seeks to pursue a collective action under the Act on behalf of themselves and other similarly situated current and former employees of the defendants. Section 216(b) of the FLSA provides the exclusive means of bringing such class-wide claims to redress alleged violations of the FLSA. ***See*** 29 U.S.C.A. § 216(b); ***Brown v. Money Tree Mortgage, Inc.***, 222 F.R.D. 676, 678-79 (D. Kan. 2004). Contrary to the procedures governing a typical class action under Rule 23, plaintiffs who wish to participate in a FLSA collective action must opt in to the action. ***See*** 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); ***In re American Family Mutual Insurance Co. Overtime Pay Litigation***, 638 F.Supp.2d 1290, 1298 (D. Colo. 2009).

A collective action under the FLSA may be maintained only by and among employees who are "similarly situated." The Tenth Circuit has adopted a two-step analysis governing this determination. At the initial "notice stage," the trial court must determine whether plaintiffs have made "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." ***Thiessen v. General Electric Capital Corp.***, 267 F.3d 1095, 1102 (10th Cir. 2001), ***cert. denied***, 536 U.S. 934 (2002) (citation and internal quotation marks omitted). The court makes this determination relying on the allegations of the complaint and any supporting

affidavits filed by plaintiffs. ***Brown***, 222 F.R.D. at 680. Certification at this step is conditional, and the standard of proof "is a lenient one that typically results in class certification," allowing notice to be sent to the putative class members and discovery to be undertaken. ***Id.*** at 679.

After discovery is complete, the second, or "decertification," stage occurs. At that point, the court applies a much stricter standard to determine whether class members are similarly situated and, consequently, whether the action should continue as a collective action. In making that determination, the court must evaluate, *inter alia*, "the disparate factual and employment settings of the individual plaintiffs; the various defenses available to defendant which appear to be individual to each plaintiff; fairness and procedural considerations; and whether plaintiffs made any required filings before instituting suit." ***Brown***, 222 F.R.D. at 679 (citing ***Thiessen***, 267 F.3d at 1103).

## III. FACTS

The plaintiffs allege that they are non-exempt hourly cooks, trainers, cashiers and maintenance workers who perform work on behalf of the defendants at a McDonald's restaurant operated by the defendants at 245 South Main Street in Longmont, Colorado. According to the complaint [#48], the plaintiffs and other employees of the defendants who are situated similarly were/are not properly paid for all work performed for their employer, including overtime. *Complaint* [#48], ¶¶ 1 - 6. In addition, the plaintiffs allege that the defendants failed properly to maintain daily work records for their employees, in violation of the FLSA. *Id*., ¶ ¶ 8 - 9.

## IV. ANALYSIS

The actions alleged in the complaint [#48], if proven, violate the provisions of the FLSA. Further, the allegations in the complaint constitute substantial allegations that the plaintiffs and other employees of the defendants were together the victims of a single decision, policy, or plan of the defendants.

The **Notice of Collective Action Lawsuit** shown at Exhibit B [#76-2] to the motion [#76] generally provides adequate notice to potential plaintiffs and is approved. The **Consent Form To Join Lawsuit** also shown at Exhibit C [#76-3] to the motion [#76] is approved. The **Notice of Collective Action Lawsuit** delivered to potential plaintiffs shall provide that any and all completed consent forms must be received by counsel for plaintiffs by a date consistent with the terms of this order and specified in the notice.

**V. ORDERS**

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiffs' Motion for Conditional Collective Action Certification and for Judicial Notice to Class Pursuant to 29 U.S.C. § 216(b)B** [#76] filed August 21, 2015, is granted on the terms stated in this order;

2. That under 29 U.S.C. § 216(b), this case is conditionally certified as a collective action concerning the claims of the named plaintiffs under the Fair Labor Standards Act on behalf of all current and former employees of the defendants;

3. That the **Notice of Collective Action Lawsuit** shown at Exhibit B [#76-2] to the motion [#76] is approved;

4. That the **Consent Form To Join Lawsuit** also shown at Exhibit C [#76-3] to the motion [#76] is approved;

4. That if the plaintiffs retain a class action administration service to assist with a

large volume of mailing addresses, mailings, and tracking of notices and consents to join, the plaintiffs may change the instructions for return of the consent to join forms as shown in the Notice of Collective Action Lawsuit and/or the Consent Form To Join Lawsuit;

5. That within fourteen (14) days of the entry of this order, the defendants shall provide to counsel for the plaintiffs a list of all hourly employees who worked at the McDonald's restaurant operated by the defendants at 245 South Main Street in Longmont, Colorado, on or after January 8, 2012;

6. That the list of employees shall include for each employee: (1) the name of the employee; (2) the last known mailing address; (3) the last known e-mail address; (4)the last known telephone number; (5) dates of employment; and date of birth;

7. That the plaintiffs shall obtain an accurate Spanish translation of both the **Notice of Collective Action Lawsuit** and the **Consent Form To Join Lawsuit** and shall include the Spanish translation of these documents in the mailing of notice to potential plaintiffs;

8. That on or before **May 2, 2016**, the plaintiffs shall mail the **Notice of Collective Action Lawsuit** and the **Consent Form To Join Lawsuit** to all potential plaintiffs known to the plaintiffs;

9. That within 60 days of the mailing of the **Notice of Collective Action Lawsuit** and the **Consent Form To Join Lawsuit**, the plaintiffs may contact potential plaintiffs known to them via phone, text message, and e-mail for the purpose of obtaining a correct mailing address for the potential plaintiffs contacted;

10. That the **Notice of Collective Action Lawsuit** shall provide that any and all completed consent forms must be received by counsel for plaintiffs by a date specified

in the notice, which date shall be no more than one hundred twenty (120) days after the date on which the **Notice of Collective Action Lawsuit** first is mailed to potential plaintiffs;

11. That on or before May 2, 2016, counsel for the plaintiffs shall provide to counsel for the defendants copies of the **Notice of Collective Action Lawsuit** and the **Consent Form To Join Lawsuit**, in both English and Spanish;

12. That from May 4, 2016, through June 15, 2016, the defendants shall post copies of the **Notice of Collective Action Lawsuit** and the **Consent Form To Join Lawsuit**, in both English and Spanish, at a conspicuous place in their business where all employees are likely to see the **Notice of Collective Action Lawsuit** and the **Consent Form To Join Lawsuit**, in both English and Spanish; and

13.. That the mailing of notice to potential plaintiffs shall be limited to the **Notice of Collective Action Lawsuit** and the **Consent Form to Join Lawsuit** as approved in this order.

Dated March 29, 2016, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge