IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Robert E. Blackburn, Judge**

Civil Action No. 15-cv-00054-REB-KLM

MARISOL SARDINA A/K/A ALEJANDRA ARREDONDO, et al.,
individually and on behalf of others similarly situated,

    Plaintiffs,

v.

TWIN ARCHES PARTNERSHIP, LTD, et al.,
in their individual and corporate capacities,

    Defendants.

---

### ORDER GRANTING UNOPPOSED MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT

**Blackburn, J.**

This matter is before me on the **Plaintiffs' Unopposed Motion for Final Approval of Collective Action Settlement** [#171][1] filed February 9, 2017. I grant the motion and direct the parties to file a plan for notifying members of the collective action of the terms of the proposed settlement.

On March 29, 2016, I entered an order [#124] conditionally certifying this case as a collective action under Section 216(b) of the Fair Labor Standards Act (FLSA). After notice was delivered to potential members of the collective action, 13 people opted in to the case as members of this FLSA collective action. Collectively, I refer to the named plaintiffs and the opt-in members of this collective action as "the plaintiffs." After

---

[1] "[#171]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

discovery was exchanged, the parties participated in mediation. Ultimately, the parties agreed to the settlement for which they now seek final approval.

## I.  COLLECTIVE ACTION CERTIFICATION

Approval of a proposed settlement of a FLSA collective action is not appropriate unless the case properly may proceed, and be settled, as a FLSA collective action. A collective action under the FLSA may be maintained only by and among employees who are similarly situated. As noted, I conditionally certified a FLSA collective action in this case. Now, I must determine whether the record shows that members of the collective action are similarly situated and, consequently, the action should continue as a collective action. In making that determination, I must evaluate, *inter alia*, "the disparate factual and employment settings of the individual plaintiffs; the various defenses available to defendant which appear to be individual to each plaintiff; fairness and procedural considerations; and whether plaintiffs made any required filings before instituting suit." **Thiessen v. General Electric Capital Corp.**, 267 F.3d 1095, 1102 (10th Cir. 2001), **cert. denied**, 536 U.S. 934 (2002); **Brown v. Money Tree Mortgage, Inc.**, 222 F.R.D. 676, 678-79 (D. Kan. 2004).

Evidence in the record shows the plaintiffs, and opt-in members of the collective action, were non-exempt hourly cooks, trainers, cashiers, and maintenance workers employed by one or more of the defendants at a restaurant operated by the defendants. In their complaint [#164] the plaintiffs allege they were not paid properly for work in excess of forty hours in a work week, were not paid properly for work they were required to perform when off of the clock, and were not paid properly for mandatory work-related activities at the beginning and end of their shifts. The plaintiffs allege also that the

defendants failed properly to maintain records of the hours worked by the plaintiffs. The plaintiffs say they all were subject to the policy or plan of the defendants to fail to pay the plaintiffs properly, as required by the FLSA. Declarations [#76-1] of several of the plaintiffs support these contentions.

Generally, the defendants deny that they failed to pay the plaintiffs as required by law. However, the defendants have not come forward with evidence that shows the plaintiffs are not similarly situated in terms of their employment with the defendants and the policies applicable to the plaintiffs as employees. Nothing in the record indicates that the employment settings of the plaintiffs are so disparate that a collective action is not proper. Nothing in the record shows the defendants have defenses individual to each plaintiff, as opposed to generally applicable to the plaintiffs as a group. In these circumstances, and considering the settlement proposed by the parties, fairness and procedural considerations weigh in favor of a collective action. There is no indication that the plaintiffs failed to make any required filings before instituting this suit.

Having considered the record and the applicable law, I certify this case as a FLSA collective action under 29 U.S.C. § 216(b). The collective action shall include all current or former hourly employees of McDonald's, located at 245 South Main Street, Longmont, Colorado 80501, at any time after January 8, 2012, who have joined this collective action and who claim they were not paid overtime and/or were not paid for all the hours they worked. As required by law, the collective action shall include only the named plaintiffs and any plaintiff who opts-in to this collective action.

## II. PRELIMINARY APPROVAL OF SETTLEMENT

The settlement agreement [#170-1] [2] appears to be fair, reasonable, and adequate. The settlement agreement is the product of intensive, arms-length negotiations involving experienced counsel who are well-versed in employment law, class action litigation procedures, and the legal and factual issues of this case. Sufficient disputed questions of law and material fact exist that make the outcome of a trial on the merits uncertain. The settlement avoids the time and expense of continuing this litigation for an indeterminate period of time, with attendant risks, costs, and delay for both sides. Moreover, the value of the proposed settlement appears reasonable given the possible outcome of protracted and expensive litigation. The parties and their attorneys, who are experienced in wage and hour class action litigation, believe that the settlement is fair and adequate.

Preliminarily, I approve the payments to members of the collective action as specified in the settlement [#170-1]. The attorney fees payment reflected in the **Unopposed Motion for Attorneys' Fees and Costs** [#176], an important aspect of the settlement agreement, appears to be fair, reasonable, and adequate. Thus, I approve the settlement preliminarily.

## III. NOTICE TO MEMBERS OF THE COLLECTIVE ACTION

Although § 216(b) does not explicitly require that a court hold a fairness hearing before approving a FLSA collective action settlement, courts generally require, at minimum, that opt-in plaintiffs be given notice of any settlement and an opportunity to object. *See, e.g., Gassel v. American Pizza Partners, L.P.*, 2015 WL 5244917, at *3

---

[2] Under D.C.COLO.LCivR 7.2, the settlement agreement is filed under restriction.

(D. Colo., 2015). In the motion for final approval [#171], the plaintiffs give no indication that all members of this collective action have been given notice of the proposed settlement, including the proposed payment of attorney fees to counsel for the plaintiffs. In addition, the record does not show that members of the collective action have been provided an opportunity to object to the settlement.

Given the small size of this collective action, it is conceivable that all members of the collective action have been given notice of the settlement by counsel for the plaintiffs. however, I may not make that assumption. Given these circumstances, I direct counsel for the plaintiffs, in consultation with counsel for the defendants, to develop a brief proposed form of notice of the settlement to be directed to all members of the collective action. In addition, I direct that the notice specify a particular date by which any objections to the settlement must be filed with the court. That date shall be approximately 30 days after the notice is mailed or otherwise delivered to the members of the collective action.

On or before August 18, 2017, counsel for the plaintiffs shall file with the court a motion seeking approval of the proposed form of notice of the settlement and a plan for delivery of notice to all members of this collective action. If the proposed form of notice and the plan for delivery are sufficient, the court promptly will approve the form of notice and delivery plan. Pending the completion of such notice and expiration of the time for filing objections, I must defer final approval of the proposed settlement.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiffs' Unopposed Motion for Final Approval of Collective**

**Action Settlement** [#171] is granted in part;

2. That the **Collective Action Settlement Agreement** [#170-1] is approved preliminarily;

3. That counsel for the plaintiffs, in consultation with counsel for the defendants, shall develop a proposed form of notice of the settlement to be directed to all members of the collective action as well as a plan for delivery of this notice to all members of the collective action;

4. That the proposed form of notice shall include a provision stating that, on or before September 20, 2017, any member of the collective action may mail a written objection to the settlement to counsel for the plaintiffs, and counsel for the plaintiffs will file the written objection with the court;

5. That on or before August 18, 2017, counsel for the plaintiffs shall file with the court a motion seeking approval of the proposed form of notice of the settlement and the plan for delivery of notice to all members of this collective action;

6. That counsel for the plaintiff shall submit a copy of the proposed form of notice in an editable format (Microsoft Word or WordPerfect) to Blackburn_Chambers@cod.uscourts.gov; and

7. That the **Plaintiffs' Unopposed Motion for Final Approval of Collective Action Settlement** [#171] otherwise is denied.

Dated July 20, 2017, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge